UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MYSTIQUE, INC.,

    Plaintiff,

vs.                                                      Case No. 07-22937-CIV-TORRES

138 INTERNATIONAL, INC.,

    Defendant.

MYSTIQUE, INC.,

    Plaintiff,

vs.                                                       Case No. 10-21421-CIV-
                                                                         JORDAN/TORRES

SOUTH BEACH BREEZE
CORPORATION, MIKE CHEN,
and NELSON CHANG,

    Impleaded Third Party Defendants.
_____/

**OMNIBUS ORDER IN CASE NO. 07-22937-CIV-TORRES
AND
REPORT AND RECOMMENDATION IN
<u>CASE NO. 10-21421-CIV-JORDAN/TORRES</u>**

This matter is before the Court on several motions now pending in these two related proceedings supplementary to execution.[1] Specifically at issue are: 1) 138

---

[1] The proceedings supplementary against Defendant 138 International, Inc. ("138 International") on the one hand, and the Impleaded Defendants South Beach Breeze Corporation ("South Beach"), Mike Chen ("Chen"), and Nelson Chang ("Chang") (collectively the "Impleaded Defendants") on the other, are proceeding in two separate cases. The underlying trademark infringement suit proceeded to final judgment in favor of Plaintiff Mystique, Inc. ("Mystique") with the undersigned Magistrate Judge

International's Motion to Amend [D.E. 189 in 07-22937]; 138 International's and Chen's Motion for Sanctions [D.E. 191 in 07-22937; D.E. 30 in 10-21421]; Mystique's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [D.E. 208 in 07-22937; D.E. 45 in 10-21421]; and Mystique's Motion to Dismiss South Beach's and Chang's Counterclaims [D.E. 46 in 10-21421].

After careful consideration of these motions and the related filings, and for the reasons that follow, we hereby DENY 138 International's motion to amend its answer to add counterclaims against Mystique and others. For the same reasons, we recommend that Judge Jordan GRANT Mystique's motion to dismiss the counterclaims that the Impleaded Defendants asserted against Mystique and others. Finally, we DENY the parties' motions for sanctions filed in Case No. 07-22937 and recommend that Judge Jordan similarly deny the motions for sanctions filed in Case No. 10-21421.

## I.   BACKGROUND

1.   On November 9, 2007, Mystique commenced a trademark infringement action against 138 International. [D.E. 1 in 07-22937]. Summary judgment was entered against 138 International on February 12, 2009 [D.E. 73, 83] and a bench trial on damages was held on March 9, 2009.

---

presiding by consent of the parties. *See* Case No. 07-22937-CIV-TORRES. Mystique subsequently moved to commence supplementary proceedings against 138 International and sought to implead South Beach, Chen, and Chang. The Impleaded Defendants did not consent to magistrate judge jurisdiction so the Court severed all claims and defenses against or by them to the district judge originally assigned to the case, the Honorable Adalberto Jordan. [D.E. 203 in 07-22937; D.E. 38 in 10-21421]. Judge Jordan subsequently referred all pre-trial matters in that case to the undersigned for appropriate disposition. [D.E. 41 in 10-21421]. Thus, our rulings today are by Order in Case No. 07-22937 and Report and Recommendation to Judge Jordan in Case No. 10-21421. We will refer to the case numbers where appropriate.

2.      On July 30, 2009, we entered Final Judgment in Mystique's favor and against 138 International in the amount of $2,950,000.00 ("Final Judgment"). [D.E. 93]. The case was closed but we retained jurisdiction to enforce the Final Judgment.

3.      On August 13, 2009, Mystique filed an *Ex-Parte* Motion for Issuance of Break Order in connection with a levy it sought upon 138 International's assets. [D.E. 116]. Mystique stated it had not provided notice of the motion to 138 International because it was under a "reasonable fear and belief" that if 138 International had advance notice of the levy, it would attempt to remove the business assets and thereby thwart the levy.

4.      On August 17, 2009, we granted Mystique's motion and issued the *ex-parte* Break Order. [D.E. 117].

5.      On August 19, 2009, Mystique levied upon 138 International's assets pursuant to the Break Order.

6.      On August 31, 2009, Mystique moved to commence proceedings supplementary under Florida law to execute upon the Final Judgment, as provided by Florida law and Fed. R. Civ. P. 69(a)(1). [D.E. 118 ; D.E. 119]. Mystique sought to implead South Beach, Chen, and Chang because they allegedly participated in fraudulent transfers of 138 International's assets that were subject to execution under the Final Judgment or were alter egos of 138 International and had received assets that were subject to execution. The motion was served on 138 International pursuant to the Court's on-line filing system and on the then-proposed Impleaded Defendants South Beach, Chen, and Chang via a process server. [D.E. 125].

7. On November 2, 2009, Mystique filed a Motion to Direct U.S. Marshal to Sell 138 International's personal property that had been levied upon. [D.E. 129].

8. On December 4, 2009, we entered an order commencing proceedings supplementary and impleading South Beach, Chen, and Chang. [D.E. 133]. Subsequently, on February 2, 2010, we issued an Order requiring Mystique to serve a formal complaint of the supplementary proceeding on the Impleaded Defendants. [D.E. 151]. Although we noted that each of the Impleaded Defendants had already been personally served with process that subjected them to the Court's jurisdiction [*id.* at 2 (citing D.E. 125)], we wanted to "make the record clear and to assure that the Court's docket adequately reflects all impleaded parties as proper Defendants to this action." [D.E. 151 at 2; *see also* D.E. 146]. Service of the complaint was accomplished by mail on February 3, 2010. [D.E. 153].

9. On February 2, 2010, we granted Mystique's motion and ordered the sale of 138 International's property by the U.S. Marshal. [D.E. 152].

10. On February 12, 2010, the U.S. Marshal began advertising the sale of 138 International's levied property, with the sale to occur on March 12, 2010. [D.E. 180].

11. On February 25, 2010, 138 International and Chen each filed answers to the Complaint. [D.E. 160 and D.E. 161 in No. 07-22937; D.E. 16 in 10-21421 (Chen's Answer)]. No counterclaims were asserted by either party.

12. On March 12, 2010, the U.S. Marshal conducted a sale of 138 International's levied property. The U.S. Marshal filed its Return on Order of Sale on March 15, 2010. [D.E. 181].

13. On March 23, 2010, Mystique filed a Request for Confirmation of Sale, noting that no objections to the sale had been filed and that the deadline for doing so had passed. [D.E. 186]. Two days later, on March 25, 2010, the Clerk of Court confirmed the levy sale and confirmed that no objections had been filed. [D.E. 187].

14. On March 29, 2010, 138 International moved to amend its answer to the complaint to set forth counterclaims for abuse of process and conversion against Mystique and its "third party agents" for their "outrageous, tortuous and illegal conduct" in connection with the levy on 138 International on August 19, 2009. [D.E. 189 at 1]. The named "third party agents" are Yamin Levy ("Levy"), the principle of Mystique; Ruden, McClosky, Smith, Schuster & Russell, P.A. ("Ruden Law Firm"), the firm that employed Plaintiff's attorney, Matthew Nelles ("Nelles"), and a paralegal who worked with him on this case, Theresa Clark ("Clark"); both Nelles and Clark individually; and Gino Marconi and Charles Boneh, investigators retained by the

Ruden Law Firm in connection with this case. [*Id.* at 3-4].[2] 138 International's motion to amend its answer to add counterclaims is ripe for disposition.

15. On March 29, 2010, 138 International and Chen filed a Motion for Sanctions based on the aforementioned alleged wrongful acts relating to the levy.

---

[2]  138 International claims that the Ruden Law Firm filed an *ex parte* motion that "induced" the Court to issue a Break Order to facilitate the levy on August 19th. [D.E. 189 at 5]. According to 138 International, the purpose for obtaining the Break Order "was not one intended by law" but rather was intended

> to harass and conduct unlawful investigation and inquisition of a party and its employees, known . . . to be represented by counsel, without the knowledge of that counsel and of unrelated third parties, and rummage through documents and business records of 138 International [], as well as documents and business records of unrelated third parties and to convert to their own use proprietary information and trade secrets of 138 International [], as well as unrelated third parties, and to steal and convert to their own use personal property of 138 International as well as property of unrelated third parties.

[*Id.*].

Generally, 138 International contends that the Ruden Law Firm "assembled a task force consisting of" Clark, Marconi, and Boneh to participate in the levy of 138 International on August 19, 2009. At Nelles' direction, Clark allegedly and unlawfully engaged in conversation with and made inquiry of 138 International despite the fact that 138 International was known to be represented by counsel. She allegedly rifled through books, documents and records and otherwise unlawfully conducted discovery and gathered information. She also allegedly coerced and threatened Chen, a principal of 138 International, stating that if he did not comply with her instructions she would have the U.S. Marshal "take him away," and then she did induce a U.S. Marshal to coerce him to comply with her demands.

Meanwhile, Marconi searched the computer files of 138 International. At the specific request of the Ruden Law Firm, he also searched South Beach's computer for proprietary business records. Further, at Clarks' request, he assisted in the theft and conversion of computers and servers from the levied premises to Clark's vehicle. Boneh videotaped and engaged in conversation with and gathered information from 138 International's employees.

[D.E. 191 in 07-22937; D.E. 30 in 10-21421].  They ask the Court to dismiss the proceedings supplementary, refer the matter to the United States Attorney's Office for possible civil rights violations and to the Florida Bar for possible ethical violations, and enter monetary sanctions.  [*Id.* at 3-4].  The motion for sanctions is ripe for disposition.

16.     On April 12, 2010, South Beach answered the Complaint and counterclaimed against Mystique and Levy, the Ruden Law Firm, Nelles, Clark, Marconi, and Boneh for abuse of process, conversion, and trespass for alleged wrongful acts in connection with the levy on 138 International.  [D.E. 196 in 07-22937; D.E. 32 in 10-21421].[3]

17.     Also on April 12, 2010, Chang answered the Complaint and filed counterclaims against Mystique and the same third parties for abuse of process and intentional infliction of emotional distress, again for alleged wrongful acts in connection with the levy.  [D.E. 198 in 07-22937; D.E. 34 in 10-21421].[4]

18.     On May 20, 2010, Mystique moved for sanctions pursuant to Fed. R. Civ. P. 11 against 138 International, the Impleaded Parties, and their attorneys and law

---

[3]     South Beach claims that Mystique's "agents" unlawfully interrogated persons with no connection to this lawsuit who happened to be present on the premises; wrongfully rummaged through documents and business records belonging to South Beach which at that time was "a stranger" to the litigation; and converted and stole proprietary information, trade secrets, and personal property including computers and servers, of South Beach.  South Beach's trespass counterclaim is based on its contention that the Break Order authorized entry only onto the property at 301 N.W. 28th Street whereas South Beach's lease was for 309 N.W. 28th Street and 315 N.W. 28th Street.  Despite being so advised, South Beach claims, Mystique's "agents" entered its property and removed its property.

[4]     Chang's tort counterclaim is based on the allegation that Clark coerced and threatened him in the same manner that she threatened and coerced Chen.

firms. [D.E. 208 in 07-22937; D.E. 45 in 10-21421]. Mystique argues that sanctions are appropriate for a number of reasons, one of which is that the counterclaims are not appropriately filed in a post-judgment proceeding supplementary. This is also one of the arguments that Mystique advances in opposition to 138 International's motion to amend its answer to add counterclaims [D.E. 207 in 07-22937] and also in support of its motion to dismiss South Beach's and Chang's counterclaims [*infra* ¶ 19]. Mystique's motion for sanctions is fully briefed and ripe for disposition.

19.   On June 2, 2010, Mystique moved to dismiss the counterclaims raised by South Beach and Chang. [D.E. 46 in No. 10-21421]. The motion is fully briefed and ripe for disposition.

## II.   ANALYSIS

### A.   *Counterclaims*

The preliminary issue for our determination is whether 138 International, South Beach, and Chang may assert state law counterclaims in these proceedings supplementary. We hold that they may not. We reject this attempt to conflate what is intended by the Florida Legislature to be a speedy and direct post-judgment execution proceeding into a new lawsuit against Mystique and non-parties and involving only state common law causes of action that are entirely unrelated to the underlying litigation.

These proceedings supplementary were brought pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29. Rule 69 provides that state law concerning supplementary postjudgment proceedings will govern to the extent that it is not preempted by federal law. *Allied Indus. Int'l, Inc. v. AGFA-Gavaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla.

1988).  Section 56.29 establishes the framework for proceedings supplementary in Florida.

Proceedings supplementary provide a "useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto *by a speedy and direct proceeding in the same court in which the judgment was recovered.*" *Regent Bank v. Woodcox*, 636 So. 2d 885, 886 (Fla. 4th DCA 1994) (emphasis in original) (citation omitted).  They are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor. *Id.*; *Tomayko v. Thomas*, 143 So. 2d 227, 229 (Fla. 3d DCA 1962) (statutory proceedings supplementary to execution are a substitute for a creditor's bill which was the traditional process for reaching assets of a judgment debtor); *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.*, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (the proceeding is "equitable in nature and should be interpreted liberally to ensure that a judgment creditor receives the most complete relief possible *without the necessity of initiating a separate action.*" (emphasis supplied) (internal citations omitted)); *Schwartz v. Capital City First Nat'l Bank*, 365 So. 2d 181, 183 (Fla. 1st DCA 1978) (legislative purpose is to allow a court to follow through with the enforcement of its judgment so there is no need for an independent suit to reach property that legally should be applied to satisfy the judgment).

Through § 56.29, the Florida Legislature intended to provide "a swift, summary disposition of issues through the relief of equitable remedies." *Mission Bay Campland,*

*Inc. v. Sumner Fin. Corp.*, 72 F.R.D. 464, 466 (M.D. Fla. 1976). Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists. *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. 4th DCA 2006); *Buckley v. Pappas*, 2 So. 3d 376, 378 (Fla. 4th DCA 2008) (same). Section 56.29 does not create any substantive rights of recovery; it is a procedural mechanism by which a judgment creditor may investigate assets of the judgment debtor that might be used to satisfy a judgment. *In re Hill*, 332 B.R. 835, 843 (Bankr. M.D. Fla. 2005); *Ryan's Furniture Exch., Inc. v. McNair*, 162 So. 483, 486 (Fla. 1935).

Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them and to afford them the essential elements of due process. *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 71 F.R.D. 432, 434 (M.D. Fla. 1976); *Allied Indus.*, 688 F. Supp. at 1518. It does not imply liability on the part of the impleaded parties but, rather, provides them with an opportunity to raise their defenses and protect their interests consistent with the requirements of due process. *Id.* at 435; *see also Tomayko,* 143 So. 2d at 229-30; *Ryan's Furniture*, 162 So. at 487. Thus, § 56.29 provides for impleading any party that may hold the judgment debtor's property and ordering the impleaded party to appear before the court and show cause why the property should not be applied toward satisfaction of the judgment creditor's judgment. After due process concerns have been met, the court may order any property of the judgment debtor, not exempt from execution, in the hands of an impleaded party to be applied toward satisfaction of the judgment debt.

Proceedings supplementary are entirely statutory and of limited purpose: to aid a judgment creditor like Mystique discover then effectuate the assets of a judgment debtor like 138 International. We find no authority in § 56.29 or interpretive caselaw that allows a judgment debtor or impleaded party to raise counterclaims against the judgment creditor in such a proceeding. *See, e.g., Street v. Sugerman*, 177 So. 2d 526, 527 (Fla. 3d DCA 1965) (supplementary proceedings are entirely statutory and, absent express authority in statute, trial court was without jurisdiction to issue injunction that interfered with the assets of the corporation and the rights of non-party shareholders; although supplementary proceedings had commenced, the assets of the judgment debtors were the stock in the corporation and a levy had already been accomplished on the stock, therefore the purpose of the injunction was not to subject the property of the judgment debtors to satisfaction of any execution against them).

We certainly find nothing in the statute that would authorize a judgment debtor or impleaded parties to raise state law claims that have nothing to do with the sole purpose of this post-judgment proceeding; namely, to determine whether the Impleaded Defendants are in possession of property of 138 International that could be used to satisfy the Final Judgment in this case. The fact that the conduct that 138 International and the Impleaded Defendants allege is improper and unlawful occurred during the course of the post-judgment proceedings (i.e., in connection with the August 19th levy) does not alter the narrow scope of these proceedings. The purpose of § 56.29 – to ensure the "swift, summary disposition of issues"– would be thwarted by allowing the judgment debtor and the impleaded parties to in effect commence an entirely new

lawsuit based on state common law causes of action when proceedings supplementary are simply a procedural mechanism through which Mystique may reach property of 138 International that it has otherwise been unable to execute on, without the necessity of instituting a new lawsuit to do so.[5]

Because we find that the counterclaims have no place in proceedings supplementary to execution, we DENY 138 International's motion to amend its answer to assert counterclaims in Case No. 07-22937.  We recommend that Mystique's motion to dismiss South Beach's and Chang's counterclaims in Case No. 10-21421 be GRANTED and that the counterclaims be stricken.  Any causes of action that 138 International and the Impleaded Defendants may have against Mystique and others should be raised elsewhere.

### B.   *Sanctions*

We now turn to the parties' cross-motions for sanctions.  Mystique asserts that 138 International and the Impleaded Defendants have filed motions and counterclaims in these post-judgment proceedings in bad faith, to delay collection of the Final Judgment, to increase Mystique's costs int his litigation, without reasonable inquiry into the law or facts to support the requested relief, and to harass Mystique.  Mystique asks that we impose sanctions to dissuade 138 International and the Impleaded

---

[5]   We note that after the Final Judgment was entered in Mystique's favor and against 138 International, we closed Case No. 07-22937 while retaining jurisdiction to enforce the Final Judgment. [D.E. 93].  Re-opening the case and essentially beginning a new lawsuit based on state law claims against Mystique and others who were not even parties in the underlying infringement action has absolutely nothing to do with enforcing the Final Judgment in Case No. 07-22937.

Defendants and prevent further waste of judicial resources and prevent undue prejudice to Mystique by unprofessional litigation tactics.

Although we found no basis for 138 International and the Impleaded Defendants to assert counterclaims in these proceedings, we cannot find they acted in bad faith in seeking to pursue such claims in this proceeding. While § 56.29 does not expressly authorize counterclaims, it does not expressly prohibit them, either, and we have not located any cases where this particular issue was discussed. We think our ruling is logical but we will not impose sanctions based on this record.

138 International and Chen moved for sanctions against Mystique and its "agents" based on their alleged conduct in connection with the August 19th levy of 138 International. We have already determined that those allegations have no place in these post-judgment proceedings and thus such alleged conduct will not support imposition of sanctions.

We therefore deny the parties' motions for sanctions in our case and recommend that Judge Jordan do the same in his.

### *III.   CONCLUSION*

Based on the foregoing, we hereby ORDER and ADJUDGE that:

1)     138 International's Motion to Amend [D.E. 189 in 07-22937] is **DENIED**.

2)     138 International's and Chen's Motion for Sanctions [D.E. 191 in 07-22937] is **DENIED** as to 138 International.

3)     Mystique's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [D.E. 208 in 07-22937] is **DENIED** as to 138 International.

Furthermore, we hereby RECOMMEND that:

4) Mystique's Motion to Dismiss South Beach's and Chang's Counterclaims [D.E. 46 in 10-21421] be **GRANTED**.

5) 138 International's and Chen's Motion for Sanctions [D.E. 30 in 10-21421] be **DENIED** as to Chen.

6) Mystique's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [D.E. 45 in 10-21421] be **DENIED** as to South Beach, Chen, Chang, and their attorneys.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge